IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE COOK, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11cv564-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The plaintiff, Charlie Cook ("Cook"), applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

judgment. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3]  *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance; it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** Cook was 52 years old at the time of the administrative hearing. He has completed the eleventh grade. (R. 31). The ALJ concluded that Cook has severe impairments of "chronic obstructive pulmonary disease (COPD) [and] restrictive airway disease (RAD)/asthma." (R. 16). The ALJ concluded that Cook could perform light work with limitations, (R. 17), and that he has no past relevant work. (R. 21). Nonetheless, based on the testimony of the vocational expert, the ALJ concluded that there are a significant

3

number of jobs existing in the national economy that Cook could perform including assembler, product assembler, and counter clerk. (R. 22). Thus, the ALJ concluded that Cook is not disabled. (*Id*.).

**B. Plaintiff's Claims.** As stated by Cook, the single issue for the Court's review is as follows:

> Whether the ALJ erred by failing to give appropriate consideration and weight to the opinions stated by the medical expert at the hearing and other opinion evidence in the medical evidence of record in the ALJ's findings regarding plaintiff's residual functional capacity for work.

(Doc. # 13, Pl's Br. at 2 & 6).

### IV. Discussion

A disability claimant bears the initial, heavy burden of demonstrating "both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211. *See also Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

In determining his residual functional capacity, the ALJ considered Cook's impairments of COPD and RAD/asthma in that assessment.

> After careful review of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that, in that, he can frequently push, pull, lift or carry up to 15 pounds, and occasionally push, pull, lift or carry up to 30 pounds. The claimant requires a sit/stand option which takes into account the following limitations for sit/stand/walk activities, plus all allowable and customary breaks that are normally available in the work place environment. He can sit for 6 hours total in an 8 hour day and at one time for 2 hours without interruption. He can stand/walk for 6 hours total in eight hour day and at one time for 1 hour without interruption. The claimant is precluded from climbing ladders, ropes and scaffolds, from participating in activities involving unprotected heights, and from being around moving and hazardous machinery, or driving commercial motorized vehicles. The claimant is also precluded from the concentrated or excessive exposure to pulmonary irritants, humidity, dust odors, fumes extremes in temperature and the like. He should work in an indoor environment to limit exposure to pulmonary irritants. In addition, the claimant suffers from occasional mild to moderate pain which occasionally interferes with his concentration, persistence and pace.

(R. 17)

Relying on the testimony of Dr. Johns, the medical expert at the administrative hearing,[4] Cook argues that because he has COPD and RAD, the ALJ erred by concluding that

---

[4] Dr. Johns testified that Cook's shortness of breath is consistent with COPD and restrictive airway disease. (R. 42).

he can perform light work.  In essence, Cook argues that he cannot perform light work with his COPD and RAD because he is unable to lift 10 frequently.  He seeks instead a residual functional capacity determination of sedentary work which would them permit a finding of disabled.  Cook is not entitled to the relief he seeks because substantial evidence supports the decision of the ALJ that Cook can perform light work.

During the administrative hearing, Cook testified that he could probably lift and carry a couch or an chair, although he couldn't carry either item very far.  (R. 34, 37).  The vocational expert testified that light work is determined by the exertional effort, and that lifting ten pounds frequently would constitute light work.  (R. 50).

Cook also testified that he goes grocery shopping, and he cooks.  (R. 34).  He can walk around his home without getting winded, (R. 37), and he walks to his appointments. (R. 38).  On his daily living questionnaire, Cook indicated that he does not need help with personal needs and household chores.  (R. 213-14).

The medical evidence indicates that Cook went to the emergency room on October 13, 2008, complaining of shortness of breath and chest tightness. (R. 339).  He stated that his condition was worse because he had been exposed to and was "working around dust" while cleaning.  (R. 339, 400, 404).  A treatment note describes his condition as follows.

> A 50 yr old [male] who has SOB . . . since 3 days ago.  also [complains of] chest tightness since 3 days. Gradually progressed and got worse yesterday. *He was sweeping dust and that's when the symptoms started.  Building a house - so cleaning up → lots of dust. . . .*

(R. 421) (emphasis added).

On October 27, 2008, Cook saw Dr. Sumana Kakivayi, for his asthma. (R. 334). Cook reported that he smokes a pack of cigarettes a day, and that he was working as a mechanic. (*Id*.) On several occasions, he complained of shortness of breath and chest tightness, but continued to smoke. (R. 398, 349, 480). On February 13, 2009, he complained of shortness of breath that "started this morning while he was working." (R. 487).

In April 2009, he complained of shortness of breath but he had failed to pick up his medication. (R. 532). In July, 2009, Cook was taking his asthma medication regularly, and his breathing was "effortless and normal." (R. 541). No wheezing was noted. (R. 540).

On November 13, 2009, Dr. Mahurin noted that Cook was taking his medication "fairly regularly, [m]uch better compliance." (R. 545). Cook reported shortness of breath and some wheezing only on "significant exertion." (*Id*.) On December 14, 2009, Dr. Patel noted that Cook's asthma was well-controlled with his medications, and that he had "[n]o episodes of wheezing or significant respiratory distress." (R. 548). Cook had also stopped smoking. (*Id*.)

On January 6, 2010, Dr. Patel noted that Cook had no shortness of breath or wheezing, and that he was taking his medications regularly. (R. 551).

On April 24, 2009, Cook returned to the emergency room complaining of shortness of breath and wheezing. (R. 566- 72, 574-76). However, he reported that he continued to smoke. (R. 571).

While it is clear that Cook suffers from COPD and RAD/asthma, "the mere existence of these impairments does not reveal the extent to which they limit [his] ability to work or

7

undermine the ALJ's determination" regarding his residual functional determination. *Moore*, 405 F.3d at 1213, n6. The ALJ evaluated all the evidence before him, and determined that, in addition to Dr. Johns, the opinions of Dr. Heilpern and Dr. Mitchell, Social Security consultative physicians, all led him to conclude that the plaintiff can perform light work. It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the court reviews the record to determine if the decision reached is supported by substantial evidence. *Moore*, 405 F.3d at 1211. Substantial evidence "is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* After a careful review of the medical records as a whole, the court concludes that substantial evidence supports the ALJ's decision that Cook has the residual functional capacity to perform work in the national economy, and is not disabled.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 21st day of February 2012.

                                                /s/Charles S. Coody
                                                UNITED STATES MAGISTRATE JUDGE